UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVAMARIE MITCHELL and BRITNEY FLYNN,<br><br>        Plaintiffs,<br><br>v.<br><br>KMEL and CURT PETER MITCHELL,<br><br>        Defendants. | CIVIL ACTION NO. 3:25-CV-00362<br><br>(Judge Mariani)<br><br>(Magistrate Judge Latella) |

**REPORT AND RECOMMENDATION**

## I.  Introduction

On February 13, 2025, an individual using the pseudonym "KMEL" filed a *pro se* document in the United States District Court for the Eastern District of Pennsylvania entitled "Writ of Removal Notice to Agent is Notice to Principal."[1] (Doc. 1).  The matter was docketed as "Notice of Removal from Court of Common Pleas of Monroe County by KMEL, Curt Peter Mitchell." (Docket Entry 1).  That characterization of the pleading is somewhat of a misnomer as Curt Peter Mitchell

---

[1] "Federal Rule of Civil Procedure 10 requires plaintiffs to identify their real names in the Complaint . . . As the United States Court of Appeals for the Third Circuit explained in *Doe v. Megless*, '[i]dentifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts.' 654 F.3d at 408." *Doe v. Shao*, No. CV 24-9972, 2025 WL 942929, at *2 (D.N.J. Mar. 28, 2025).  While there are limited exceptions to this rule, the pseudonym matter need not be addressed here given the recommendation for prompt disposition of the case.

1

had no knowledge of the removal and there is no evidence that he consented to it. Nevertheless, because Monroe County is located in the Middle District, the matter was transferred here. (Doc. 5). What followed was a flurry of difficult to decipher *pro se* filings, a Court Order attempting to clarify matters, a failure to follow that Order, and the paralysis of ongoing county court litigation for some five months. Affording every deference to these *pro se* filings, even giving them the most strained reading fails to support a viable theory to support removal. This Court therefore is without jurisdiction over the matter, and it should be remanded.

## II.     Procedural History

This matter was initiated on February 13, 2025, in the Eastern District of Pennsylvania by the *pro se* filing of a document construed as a Notice of Removal by "KMEL."[2] (Doc. 1). It was transferred here on February 27, 2025. (Doc. 5). KMEL is seeking to remove an ejectment action filed in Monroe County to federal court. An application to proceed *in forma pauperis* by KMEL was docketed on

---

[2] The Notice of Removal was submitted on a standard *pro se* complaint form for the Eastern District. KMEL indicated that federal jurisdiction was based on both diversity and federal questions. As to diversity, she indicated that the defendants' citizenship was "United States, New York, Pennsylvania." She listed the plaintiff's citizenship as "Lenape, Amexem." (Doc. 1, p. 5). "The Lenape's historical territory included present-day northeastern Delaware, all of New Jersey, the eastern Pennsylvania regions of the Lehigh Valley and Northeastern Pennsylvania, and New York Bay, western Long Island, and the lower Hudson Valley in New York state." Wikipedia, *Lenape*, https://en.wikipedia.org/wiki/Lenape (as of July 8, 2025). "Amexem" also apparently refers to an ancient geographical reference.

February 27, 2025. (Doc. 7). On March 14, 2025, KMEL filed a document docketed as a "supplement" wherein she makes reference to being the victim of domestic abuse and various forms of fraud.[3] (Doc. 8). On March 18, 2025, counsel for the plaintiffs in the Monroe County action filed an entry of appearance, (Doc. 9), a Motion to Remand, (Doc. 10), and supporting brief. (Doc. 11). On April 10, 2025, Magistrate Judge Caraballo issued an Order wherein he stated that the Notice of Removal was defective, and did not comply with the requirements of 28 U.SC. § 1446(a) because: 1) the moving party did not file all of the pleadings in the county court proceeding, and 2) the consent of the co-defendant in the county court action was not provided. (Doc. 12). Judge Caraballo granted KMEL thirty days in which to file a Notice of Removal that comported with the requirements of 28 U.S.C. § 1446(a). (*Id.*). Judge Caraballo held KMEL's petition to proceed *in forma process* in abeyance and warned that failure to comply with the Order would result in recommendation that the matter be dismissed. (*Id.*).

On May 22, 2025, KMEL filed a document entitled "Answer to Abeyance." (Doc. 14). While several pleadings in the Monroe County action were filed in compliance with Judge Caraballo's Order, in response to the requirement that the

---

[3] In that document as well, she listed the plaintiff's (where she appears to be referring to herself) citizenship as "Lenape, Amexem."

3

Monroe County Co-defendant's consent be provided, KMEL stated: "Whereas, the suggested 'Curt Peter Mitchell consent' can be set aside with Crossclaim in Divorce Forfeiture and diversity of citizenship for KMEL to aforementioned plausibility. We are not of the same team.  In correction, KMEL holds original first claim as plaintiff and Curt Peter Mitchell (Wasban/Judas), Avamarie Mitchell and Brittney Flynn are defendants."  (Doc. 14, p. 2).  KMEL filed a crossclaim against Mitchell on May 23, 2025.[4]  (Doc. 15).  Also on May 23, 2025, a second application to proceed without payment of costs was filed and docketed as "ANSWER TO STATEMENT OF FACTS Answer to Abeyance, Part2 [sic]." (Doc. 16).  On June 10, 2025, the matter was reassigned to the undersigned.  On June 19, 2025, the Plaintiffs filed a Motion to Dismiss and supporting brief.  (Docs. 18 and 19).  On July 9, 2025, KMEL filed a document entitled "Petition for Judicial Notice" (Doc. 20), and a brief in opposition to Plaintiffs' Motion to Dismiss wherein she asserts that counsel for Plaintiffs needs to register as an agent pursuant to the Foreign Agent Registration Act of 1938. (Doc. 21).  All motions are ripe for disposition.

---

[4] The "crossclaim" is unintelligible and seems to raise issues arising out of a domestic matter involving KMEL and Curtis Mitchell.  It would not survive preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A; however, because the court is without jurisdiction in the removal matter, it need not be addressed.

### III. Background

The matter that KMEL seek to remove to this Court is an action in ejectment filed in the Court of Common Pleas of Monroe County on August 28, 2024. (Doc. 14-1, pp. 1–3). The Plaintiffs are Avamarie Mitchell and Britney Flynn. Named as defendants are: "Curtis P. Mitchell" and "any and all occupants of 5113 Goose Pond Road, Tobyhanna, PA 18466." The Monroe County Complaint alleges that Avamarie Mitchell and Britney Flynn are the owners of 5113 Goose Pond Road, Tobyhanna, Pennsylvania 18466, and that the property is being unlawfully occupied by Curtis P. Mitchell and any and all other occupants. (*Id.* at p. 2). KMEL is not alleged to be an occupant of the property, nor is she a named defendant. The Complaint seeks immediate possession of the property and unpaid rent "in an amount to be determined, not to exceed $50,000." (*Id.* at p. 3). In a counseled "Motion for Hearing" filed in Monroe County on March 3, 3025, Plaintiffs Avamarie Mitchell and Britney Flynn state that their Complaint filed on August 28, 2024, was reinstated on January 24, 2025, and served on Curtis P. Mitchell and any and all occupants of the real property located at 5113 Goose Pond Road on January 31, 2025. (Doc. 14-3, p.1). It is further alleged that that on "February 19, 2025, Defendant Mitchell, through his counsel, Michael B. Kaspszyk, Esq., filed an Answer to Plaintiffs' Complaint with New Matter and Counterclaim." (*Id.*). Additionally, it is stated that "Defendant Mitchell, through

5

his counsel, denies any knowledge of who filed" the instant Writ of Removal. (*Id.*).

It is nearly impossible to determine KMEL's interest in the Monroe County ejection action that she seeks to remove, and she has never clearly stated it in any of her numerous filings. She has not identified herself as a defendant in that action, or as an "occupant of the real property located at 5113 Goose Pond Road." In her filings here and in the Eastern District she has only identified two addresses: one in Lancaster, the other as "Lenape, Amexem." In her "Petition for Judicial Notice" (Doc. 20), she again asserts citizenship in Lenape. It does appear from her filings that she is involved in domestic disputes with Curtis Mitchell, that the property that is the subject of the Monroe County ejectment action was at one time the marital residence, and that the property was a topic in divorce proceedings. KMEL has made numerous allegations against Mitchell that are not relevant to this removal matter. It is clear from her filings, however, that Mitchell has not consented to the removal.

## IV. Discussion

### A. Plaintiffs' Motion for Remand

On March 18, 2025, the Plaintiffs filed a motion to remand, (Doc. 10), and a supporting brief. (Doc. 11). They assert that this Court is without subject matter

6

jurisdiction to entertain the matter, as neither diversity jurisdiction nor federal question jurisdiction exists, and that the case should therefore be remanded to Monroe County. Each argument will be addressed in turn. Additionally, there is a serious question at to whether KMEL is a "defendant" in the Monroe County action as defined in the removal statute. That issue will be addressed as a preliminary matter.

### 1) Whether KMEL is a Defendant as Defined in the Removal Statute

The Monroe County Complaint lists as defendants: Curtis P. Mitchell and "any and all occupants of 5113 Goose Pond Road, Tobyhanna, PA 18466." KMEL is not named. To qualify as a defendant, therefore, she would have to be an occupant of 5113 Goose Pond Road. On the form Complaint provided by the Eastern District which was used to initiate this action, KMEL listed the address where she could be served as 1400 Harrisburg Pike, Suite 4471, Lancaster, Pennsylvania, 17604. (Doc. 1, p. 4). Later in that document, she appears to reference herself as a plaintiff with citizenship in "Lenape, Amexem." In her filing docketed as "Supplement" on March 14, 2025, KMEL again references citizenship in "Lenape, Amexem." (Doc. 8, p. 1). Most recently, in a document styled "Petition for Judicial Notice," she again identifies her citizenship as Lenape. (Doc. 20). Whether it be Lancaster, Pennsylvania, the land of the indigenous people of the Northeastern Woodlands (Lenape), or the ancient geographic region of

Amexem, the one place that KMEL makes no reference to as her residence is 5113 Goose Pond Road, Tobyhanna, Pennsylvania 18466. Nowhere does she allege to be an occupant of the property. Moreover, despite her numerous filings in this Court and the many filings in the Monroe County action that she filed as exhibits, there is no evidence that she is or was a defendant in the Monroe County case that she seeks to remove. She has not even alleged that she was properly served as a defendant in the Monroe County case.

Federal courts are courts of limited jurisdiction. "Article III, § 2, of the Constitution delineates the character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437, 139 S. Ct. 1743, 1746, 204 L. Ed. 2d 34 (2019) (cleaned up). Here, the Court's statutory authority is vested in 28 U.S.C. § 1441(a) which states that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). "[I]n the context of these removal provisions the term 'defendant' refers only to the party sued by the original

plaintiff." *Home Depot U. S. A., Inc.*, 585 U.S. at 437, 139 S.Ct. at 1746. As explained in Wright & Miller Federal Practice and Procedure:

> Congress has determined which parties may exercise the statutory right to remove cases from state to federal court. Sections 1446(a) and 1455(a) of Title 28 authorize only the state-court defendants to remove cases to federal court. The right to remove is further limited by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, crossclaims, or defenses asserted by them. The federal courts have strictly interpreted these limitations, often speaking of the right to remove as being limited to "true" defendants.

14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed.)

"It remains the defendant's burden to show the existence and continuance of federal jurisdiction." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). KMEL has not sufficiently alleged that she has standing to remove the Monroe County case and the record before the Court suggests that she is not "a party sued by the original plaintiffs." "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). "The burden on the defendant is heavy, as removal is 'strictly construed,' and doubts about removal are 'resolved in favor of remand.'" *Langer v. State Farm Mut. Auto. Ins. Co.*, No. 1:25-CV-00111, 2025 WL 1809821, at *1 (W.D. Pa. July 1, 2025) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Based on the forgoing, because KMEL has not sufficiently alleged to be a defendant in the Monroe County action, the matter should be remanded.

## 2) Diversity Jurisdiction

The Plaintiffs assert that KMEL has failed to allege an amount in controversy sufficient to satisfy the requirements for subject matter jurisdiction based on diversity of citizenship. "A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy exceeds $75,000." *Diaz v. Empire Fire & Marine Ins. Co.*, No. CV 24-1549, 2024 WL 3606345, at *2 (E.D. Pa. July 31, 2024) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017)). As noted above, the Complaint filed in Monroe County seeks immediate possession of the property located at 5113 Goose Pond Road, Tobyhanna, Pennsylvania 18466, and unpaid rent "in an amount not to exceed $50,000. (Doc. 14-1, p. 3).

As Plaintiffs correctly observe in their brief in support of their motion to remand, because they are seeking to eject the Defendant as well as a sum of unpaid rent, in determining whether the $75,000 threshold has been met, the "court must determine the value to Plaintiff of the ejectment action." (Doc. 11, pp. 7–8). This is no easy task. In *Byler Mgmt. Co, LLC v. Bulletproof Enters., Inc.*, Judge Caldwell confronted a similar challenge in determining the amount in

controversary in an ejectment action. No. CIV.1:CV-10-0632, 2010 WL 2431823 (M.D. Pa. June 14, 2010). He began by recognizing that "[t]he Third Circuit assesses the amount in controversy from the viewpoint of the plaintiff." *Id.* at *3 (citing *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir.1995)). He further noted that "the Supreme Court has held that '[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Id.* (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977)).

*Byler Mgmt. Co, LLC*, involved a breached lease where the Plaintiff, Byler, sought back rent and ejectment of the defendant from a rented farm. *Id.* at *1. Because the plaintiff was seeking ejectment in addition to the back rent, Judge Caldwell found that "the object of the litigation is possession of the farm, meaning that the amount in controversy must take into account the value of the lease." *Id.* at *3. In finding that the jurisdictional amount had not been met, Judge Caldwell rejected the defendant's arguments that assessed value from its perspective and reiterated that the value of the possession of the farm must be viewed only from the perspective of the plaintiff. *Id.* at *3–5. Because the defendant there failed to meet its burden showing that the court had jurisdiction, the matter was remanded. "The party removing the case to federal court has the burden of demonstrating

jurisdiction." *Id.* at *2 (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)).

Plaintiffs assert in their brief that "[n]o evidence exists, and we have no reason to believe that the plaintiff's interest in the ejectment or the collection of rent from the individuals residing at the property can be valued at or above $75,000.00." (Doc. 11, p. 8). Despite having had ample time in which to do so, and having made numerous filings, KMEL has not addressed this issue. Instead, she seeks relief for herself consisting of, *inter alia*, "re-occupancy of home, vehicle returned (Audi), lifetime protection from abuse, $2,050,000,000 for trespassing." (Doc. 1, p. 6; Doc. 8, p. 2). Much of what she seeks seems to be related to the domestic matter involving Curtis Mitchell. While her demands may be addressed in the proper forum, nothing in her many filings is helpful in determining the value of the possession of 5113 Goose Pond Road from the perspective of the Plaintiffs. Again, "[a] party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). The averments in the removal petition and numerous filings are insufficient to establish the amount in controversy necessary for diversity jurisdiction.

Additionally, although not raised and conceded by the Plaintiffs, there is also a question as to whether KMEL properly alleged diversity.[5] "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case, and, as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). The Notice of Removal that commenced this action was filed on the Eastern District of Pennsylvania's standard *pro se* complaint form. In response to the question asking where defendants could be served, KMEL listed an address in Lancaster, Pennsylvania. (Doc. 1, p. 4). If her citizenship is in Pennsylvania, the parties would be diverse as the Plaintiffs are citizens of New York. Yet that is not what was alleged as a basis for diversity jurisdiction in the Notice of Removal. On the form Complaint, she checked boxes indicating that both diversity and federal

---

[5] "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) (quoting *Thomas v. Board of Trustees*, 195 U.S. 207, 211, 25 S.Ct. 24, 49 L.Ed. 160 (1904)). "Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . ." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982).

question served as the basis for jurisdiction for the removal. (*Id.*). In response to the question, "If the basis for jurisdiction is Diversity of Citizenship, what is that state of citizenship of each party?" KMEL stated that the Plaintiff's citizenship is "Lenape, Amexem" and Defendants' citizenship is "United States; New York; Pennsylvania." She reiterated this assertion in a document filed on March 14, 2025, styled as "supplement." (Doc. 8). On July 9, 2025, KMEL filed a document entitled "Petition for Judicial Notice" (Doc. 20), wherein she addressed the issue of diversity of citizenship. In that document, she alleges the Plaintiffs' citizenship to be in the state of New York, Defendant Mitchell's citizenship in Pennsylvania, and avers that her citizenship is in "Lenape."

Diversity, however, cannot be based on one party's citizenship in "Lenape, Amexem." *See Reynolds v. Brelin*, No. 25-CV-1403, 2025 WL 1208906, at *3 (E.D. Pa. Apr. 25, 2025) ("To the extent that Brelin suggests that diversity jurisdiction exists because, as a citizen of 'Lenape, Amexem,' he is somehow a non-citizen national of the United States, such a 'sovereign citizen'-style argument has been repeatedly rejected by courts.").

### 3) Federal Question Jurisdiction

KMEL also asserts federal question jurisdiction and cites as a basis Article 3, section 2 of the Constitution; Amendments 4, 5, and 9; 42 Pa. Cons. Stat. 2757; 42

Pa. Cons. Stat. 322; and the "Tuskarorwah Treaty." The Plaintiffs' Complaint in Monroe County raises no claims based on any of these grounds. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim . . . Thus, a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (cleaned up).

The ejectment action filed by the Plaintiffs in Monroe County does not present a federal question on its face. Accordingly, the Monroe County action is not removable based on federal question jurisdiction.

### B. Plaintiffs' Motion to Dismiss

On June 19, 2025, the Plaintiffs filed a Motion to Dismiss (Doc. 18), based on KMEL's failure to comply with Judge Caraballo's April 10, 2025, Order directing that a Notice of Removal in full compliance with 28 U.S.C. § 1446(a) be filed. In their brief, Plaintiffs argue that KMEL was directed to obtain Curt Mitchell's consent to remove the matter and that she did not do so. They seek dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

While Plaintiffs' arguments have merit, given the lack of jurisdiction over the matter, remand rather than dismissal is appropriate. Given the recommendation for remand, it will be recommended that the Motion to Dismiss be denied as moot.

### C. Motion to Proceed in Forma Pauperis

On February 27, 2025, KMEL filed a motion to proceed *in forma pauperis*. (Doc. 7). As noted above, on April 10, 2025, Judge Caraballo directed KMEL to file a Notice of Removal in full compliance with 28 U.S.C. § 1446(a). (Doc. 12). Ruling on the pending motion to proceed *in forma pauperis* was held in abeyance pending disposition of the above requirement. Based on the foregoing discussion

16

indicating that the Court is without subject matter jurisdiction, it is recommended that the IFP motion be denied.  *See, e.g.*, *Mgmt. Grp., Inc. v. Jacobson*, 2024 WL 2053632 (D. Or. Apr. 10, 2024) (denying as moot an IFP application when matter was remanded for lack of jurisdiction); *Dietrich v. Hagner*, 2018 WL 1282323 (M.D. Fla. Mar. 13, 2018) (denying IFP motion in a removal matter where the court lacked subject matter jurisdiction); *SSR Miracle Mile LLC v. Dostaly*, 2024 WL 313608 (C.D. Cal. Jan. 25, 2024) (same); *Deutsche Bank Nat. Tr. Co. v. Cambron*, 2012 WL 1945499 (N.D. Cal. May 30, 2012) (same).

### V. Recommendation

Based on the foregoing, it is respectfully recommended that Plaintiffs' Motion to Remand, (Doc. 10), be **GRANTED** and that the matter be remanded to the Court of Common Pleas of Monroe County.  It is further recommended that the application to proceed *in forma pauperis*, (Doc. 7), and the Motion to Dismiss, (Doc. 18), be **DENIED** as Moot.

Dated: July 10, 2025                          **/s/ Leo A. Latella**
                                               Leo A. Latella
                                               United States Magistrate Judge

17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVAMARIE MITCHELL and BRITNEY FLYNN,<br><br>      Plaintiffs,<br><br>      v.<br><br>KMEL and CURT PETER MITCHELL,<br><br>      Defendants. | CIVIL ACTION NO. 3:25-CV-362<br><br>(Judge Mariani)<br><br>(Magistrate Judge Latella) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the forgoing **Report and Recommendation** dated July 10, 2025.

Any party may obtain review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new

hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 10, 2025                                  **/s/ Leo A. Latella**
                                                      Leo A. Latella
                                                      United States Magistrate Judge